IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ARMENTERO,

        Plaintiff,                    No. 2: 10-cv-965 KJN P

    vs.

K. L. DICKINSON, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  On April 20, 2010, the United States District Court for the Northern District of California transferred this action to this court.  The Northern District Court granted plaintiff's request to proceed in forma pauperis.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

This action is proceeding on the complaint filed November 12, 2009. (Dkt. No. 16.) Named as defendants are Counselor Pappa, Social Worker Tanner, Captain Duncan, Counselor May, Appeals Coordinator Sinkovich, Warden Dickinson and Associate Warden Moss.

Plaintiff alleges that historically he has been "medically unassigned," i.e. classified as unable to work due to medical problems. Plaintiff alleges that defendants Pappa,

1    Tanner, Duncan and May violated his constitutional rights by failing to honor the medical chrono
2    stating that he should be medically unassigned when they ordered him to receive a current
3    functional capacity evaluation addressing his physical limitations.  After plaintiff refused this
4    evaluation, defendants put plaintiff on "C" status.  "C" status meant that plaintiff was classified
5    as refusing to work and resulted in him earning fewer credits.  Plaintiff apparently contends that
6    he did not require a current functional capacity evaluation because his medical problems were
7    adequately documented.

8                Plaintiff has not stated a colorable constitutional claim against defendants Pappa,
9    Tanner, Duncan and May.  While plaintiff may believe that his medical problems were well
10   documented, defendants did not violate his constitutional rights by requiring that he have an
11   updated medical evaluation.  Accordingly, these claims against defendants Papper, Tanner,
12   Duncan and May are dismissed with leave to amend.

13               Plaintiff alleges that defendant Sinkovich, Moss and Dickinson improperly denied
14   his appeals challenging the order that he receive a current functional capacity evaluation.
15   Plaintiff has no right to an administrative grievance procedure.  <u>Ramirez v. Galaza</u>, 334 F.3d 850,
16   860 (2003).

17               In addition, defendants sued in their individual capacity must be alleged to have:
18   personally participated in the alleged deprivation of constitutional rights; knew of the violations
19   and failed to act to prevent them; or implemented a policy that repudiates constitutional rights
20   and was the moving force behind the alleged violations.  <u>Larez v. City of Los Angeles</u>, 946 F.2d
21   630, 646 (9th Cir. 1991); <u>Hansen v. Black</u>, 885 F.2d 642 (9th Cir. 1989); <u>Taylor v. List</u>, 880 F.2d
22   1040 (9th Cir. 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,'
23   <u>Imbler v. Pachtman</u>, 424 U.S. 409, 417 (1976), it is perfectly clear that not every injury in which
24   a state official has played some part is actionable under that statute."  <u>Martinez v. State of</u>
25   <u>California</u>, 444 U.S. 277, 285 (1980).  "Without proximate cause, there is no § 1983 liability."
26   <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-85 (9th Cir. 1991).

The undersigned is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. This is not to say, however, that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory. For example, if a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

Because plaintiff has not stated a colorable constitutional claim against defendants Papper, Tanner, Duncan and May for ordering him to receive a current functional capacity evaluation, plaintiff has not demonstrated that defendants Sinkovich, Dickinson and Moss engaged in a whitewash of a violation of his constitutional rights when they denied his administrative appeals. Accordingly, the claims against defendants Sinkovich, Dickinson and Moss are dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

4

588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

  a. The completed Notice of Amendment; and

  b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  July 9, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arm965.14

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff, | No. 2:10-cv-0965 KJN P |
| vs. |  |
|  | NOTICE OF AMENDMENT |
| Defendants. |  |
| _____/ |  |

Plaintiff hereby submits the following document in compliance with the court's order filed _____:

_____     Amended Complaint

DATED:

_____
Plaintiff