IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ARMENTERO,

      Plaintiff,                    No. 2: 10-cv-0965 KJN P

      vs.

K. L. DICKINSON, et al.,

      Defendants.                <u>ORDER</u>

_____/

        Plaintiff is state prisoner proceeding without counsel.  Pending before the court is the amended complaint filed August 12, 2010.  For the following reasons, the amended complaint is dismissed with leave to file a second amended complaint.

        Named as defendants are Warden Dickinson, Associate Warden Moss, Correctional Counselor Sinkovich, Correctional Counselor May, T. Duncan, A. Tanner and D. Pappa.  All defendants are employed at the California Medical Facility.  Plaintiff alleges that he suffers from osteoarthritis and back problems.  Plaintiff alleges that defendants "denied" his medical disability status by assigning him to a job in the laundry which risked his health and safety.  Plaintiff also alleges that defendants Pappa, Tanner, May and Duncan denied plaintiff access to the law library by confiscating his identification card.

////

1    Plaintiff alleges that defendants violated the Americans with Disabilities Act
2 ("ADA").  As relief, plaintiff seeks money damages.
3    Title II of the ADA "prohibit[s] discrimination on the basis of disability." <u>Lovell
4 v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual
5 with a disability shall, by reason of such disability, be excluded from participation in or be denied
6 the benefits of the services, programs, or activities of a public entity, or be subject to
7 discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within
8 state prisons.  <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206 (1998).
9    In order to state a claim that a public program or service violated Title II of the
10 ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either
11 excluded from participation in or denied the benefits of a public entity's services, programs, or
12 activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,
13 denial of benefits, or discrimination was by reason of his disability.  <u>McGary v. City of Portland</u>,
14 386 F.3d 1259, 1265 (9th Cir. 2004).
15    Plaintiff's claim that defendants assigned him to a job that he could not perform
16 as a result of a disability does not state an ADA claim.  Plaintiff is not alleging that he was
17 excluded from participation in or denied access to a program.  Rather, plaintiff is alleging that he
18 was assigned to a job that he physically was unable to perform.  Accordingly, this claim is
19 dismissed with leave to amend.
20    Plaintiff's claim that he was unable to access the law library as a result of his
21 identification card also does not state an ADA claim.  Plaintiff is not claiming that he was denied
22 access to the law library as a result of his disability.  Accordingly, this claim is dismissed with
23 leave to amend.
24    Title II of the ADA has been upheld as a valid abrogation of state sovereignty
25 "insofar as Title II creates a private cause of action for damages against the States for conduct
26 that actually violates the Fourteenth Amendment." <u>United States v. Georgia</u>, 546 U.S. 151, 159

1  (2006) (emphasis in original).  Under Title II of the ADA, plaintiffs may not sue individual

2  defendants in their personal capacities, but must instead sue the state, state entities, or defendants

3  in their official capacities.  <u>Vinson v. Thomas</u>, 288 F.3d 1145 (9th Cir. 2002).

4         Plaintiff may not obtain money damages from the individually named defendants.

5  If plaintiff stated a colorable ADA claim, in order to obtain money damages he would be required

6  to name a state entity as a defendant.  On this ground, the amended complaint is dismissed as

7  well.

8         Accordingly, IT IS HEREBY ORDERED that the amended complaint is

9  dismissed with twenty-eight days to file a second amended complaint; failure to file a second

10  amended complaint within that time will result in a recommendation of dismissal of this action.

11  DATED: August 31, 2010

14  _____
    KENDALL J. NEWMAN

15  UNITED STATES MAGISTRATE JUDGE

16  armen965.ame