IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS ARMENTERO, | | |
| | Plaintiff, | No. 2: 10-cv-0965 KJN P |
| vs. | | |
| K.L. DICKINSON, et al., | | ORDER AND |
| | Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is the motion to dismiss for failure to exhaust administrative remedies filed June 13, 2011, by defendants Duncan, May, Pappa and Sinkovich.[1]  After carefully considering the record, the undersigned recommends that defendants' motion be denied.

II. <u>Legal Standard re:  Exhaustion</u>

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

---

[1] Service of defendant Tanner has not yet been effected.

1

1  § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
2  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
3  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S.
4  516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of
5  confinement, whether they involve general circumstances or particular episodes, and whether
6  they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

7  Exhaustion of all "available" remedies is mandatory; those remedies need not
8  meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v.
9  Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in
10 grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532
11 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative
12 process that could provide some sort of relief on the complaint stated, but no money." Id. at 734.
13 The fact that the administrative procedure cannot result in the particular form of relief requested
14 by the prisoner does not excuse exhaustion because some sort of relief or responsive action may
15 result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes
16 of exhaustion requirement include allowing prison to take responsive action, filtering out
17 frivolous cases, and creating administrative records).

18 However, a prisoner need not exhaust further levels of review once he has either
19 received all the remedies that are "available" at an intermediate level of review, or has been
20 reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422
21 F.3d 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some
22 relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent
23 relief remained available, whether at unexhausted levels or through awaiting the results of the
24 relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

25 As noted above, the PLRA requires proper exhaustion of administrative remedies.
26 Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an

agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2010). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. at § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Moreover, the court may look beyond the pleadings to determine whether a plaintiff exhausted his administrative remedies. Id. at 1119-20.

III. Background

This action is proceeding on the second amended complaint filed October 7, 2010. (Dkt. No. 33.) On November 4, 2010, the undersigned issued an order finding that the second amended complaint stated two potentially colorable claims for relief. (Dkt. No. 34.)

////

> Plaintiff alleges that defendants ordered his transfer in retaliation for his filing a lawsuit against them. These allegations state a potential colorable claim for relief. His claim that defendant Sinkovich attempted to cover-up the alleged retaliation by misprocessing his grievances is potentially colorable as well.

(Id., at 3: 5-8.)

The undersigned found that the remaining claims contained in the second amended complaint were not colorable, i.e. 1) alleged denial of due process at the classification committee hearing that resulted in the temporary deprivation of personal property; 2) alleged denial of due process at the classification committee hearing that resulted in transfer; 3) alleged denial of due process at the classification committee hearing that resulted in classification on "C" status. (Id., at 1-3.)

IV. Discussion

In the motion to dismiss, defendants state that the court ordered service of plaintiff's claim that defendants retaliated against him by placing him on "C" status. Defendants then argue that plaintiff did not exhaust administrative remedies as to this claim. Attached to defendants' motion is a declaration by D. Foston, the Chief of the Inmate Appeals Branch for the California Department of Corrections and Rehabilitation. D. Foston states that he was asked by defense counsel to research whether plaintiff had exhausted an appeal regarding "retaliation and/or placement on 'C' status." According to D. Foston, plaintiff did not exhaust administrative remedies as to these claims.

As discussed above, this action is proceeding on plaintiff's claim that defendants ordered his transfer to Avenal State Prison in retaliation for his legal activities. This action is not proceeding on a claim that defendants placed plaintiff on "C" status in retaliation for his legal activities. The second amended complaint suggests that plaintiff's placement on "C" status was separate from his transfer to Avenal. Plaintiff alleges that he was placed on "C" status on June 30, 2009. (Dkt. No. 33 at 9-10.) Plaintiff alleges that he was transferred to Avenal on or around December 23, 2009. (Id., at 11.) In addition, the second amended complaint does not contain a

retaliation claim based on plaintiff's placement on "C" status.

While D. Foston's declaration states that he was asked to research whether plaintiff exhausted administrative remedies as to any claims involving "retaliation and /or 'C' status," the undersigned does not find that this declaration adequately demonstrates that plaintiff failed to exhaust administrative remedies regarding the allegedly retaliatory transfer claim. Rather, it appears that D. Foston researched only whether plaintiff exhausted administrative remedies regarding being placed on "C" status for allegedly retaliatory reasons.

In conclusion, defendants' motion to dismiss for failure to exhaust administrative remedies should be denied because it does not address the claims on which this action is proceeding.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action;

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Dkt. No. 50) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arm965.mtd