IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ARMENTERO,

        Plaintiff,                     No. 2: 10-cv-0965 KJM KJN P

    vs.

K.L. DICKINSON, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, the undersigned recommends that defendant Tanner be dismissed.

        On December 23, 2010, the undersigned ordered the U.S. Marshal to serve defendant Tanner. In the USM-285 form, plaintiff identified defendant Tanner as "A. Tanner." On March 30, 2011, service as to defendant Tanner was returned unexecuted because records indicated that he no longer worked at the California Medical Facility ("CMF"). In addition, records from the California Department of Corrections and Rehabilitation ("CDCR") indicated that he was not listed. On April 6, 2011, the undersigned granted plaintiff sixty days to provide additional information to serve defendant Tanner.

////

1    On April 18, 2011, plaintiff returned the forms necessary to purportedly effect
2 service of defendant Tanner. However, the USM-285 form filled out by plaintiff contained the
3 same address for this defendant as provided in the previously submitted USM-285 form. On
4 May 6, 2011, the undersigned granted plaintiff an additional sixty days to provide additional
5 information to serve this defendant.

6    On June 16, 2011, plaintiff filed a letter with the court regarding service of
7 defendant Tanner. Attached to plaintiff's letter was a letter dated May 25, 2011 addressed to
8 plaintiff from the Litigation Coordinator at CMF. This letter stated that plaintiff incorrectly
9 identified defendant as "A. Tanner." This letter stated that defendant Tanner was actually named
10 "K. Tanner."

11    On June 23, 2011, the undersigned directed plaintiff to complete the USM-285
12 form for service of defendant K. Tanner. On June 27, 2011, plaintiff submitted documents for
13 service of defendant K. Tanner. On July 1, 2011, the undersigned directed the U.S. Marshal to
14 again attempt service of defendant Tanner.

15    On September 1, 2011, service was again returned unexecuted as to defendant
16 Tanner. The USM-285 form contains a note dated July 22, 2011 by the U.S. Marshal stating that
17 defendant Tanner is no longer employed at CMF and that he was transferred. The USM-285
18 form contains another note dated August 18, 2011 stating that defendant Tanner is no longer
19 employed at Coalinga State Hospital, where he was apparently transferred from CMF. Finally,
20 the USM-285 form contains a note dated September 1, 2011, stating that per the records of the
21 CDCR, there is no one in the CDCR database with this name.

22    On September 15, 2011, the undersigned granted plaintiff another sixty days to
23 provide information for service of defendant Tanner. On November 3, 2011, plaintiff filed a
24 letter sent to him on October 20, 2011, from the Executive Director at Coalinga State Hospital.
25 This letter states that plaintiff requested that Coalinga State Hospital provide him with the new
26 job, address and residence of a former employee, presumably defendant Tanner. The letter goes

on to state that plaintiff's letter does not meet the Public Records Act criteria and that personnel records are not public information and may not be released.

The record above indicates that despite efforts by the U.S. Marshal and assistance from the CMF litigation coordinator, service of defendant Tanner has not occurred. The most recently returned USM-285 form indicates that defendant Tanner is no longer employed by CDCR. Despite being granted several opportunities, plaintiff was unable to provide the court with information for effective service of this defendant. For these reasons, the undersigned finds that defendant Tanner should be dismissed because he cannot be served.

IT IS HEREBY RECOMMENDED that defendant Tanner be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arm965.fr